**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------  x

FAYYAZ KHAN, on behalf of himself
and others similarly situated,

               Plaintiff,

 - against -

YOUNG ADULT INSTITUTE, INC.
d/b/a NATIONAL INSTITUTE FOR
PEOPLE WITH DISABILITIES,

              Defendant

.
-------------------------------------------------  x

:  Civil Action No. 18-2824

:

:

:

:

:  **<u>FLSA COLLECTIVE ACTION and</u>**
    **<u>RULE 23 CLASS ACTION</u>**
:  **<u>COMPLAINT</u>**

:

:

:  **<u>Jury Trial Demanded</u>**

:

Plaintiff Fayyaz Khan ("Plaintiff"), on behalf of himself and others similarly situated employees, as class representative, by and through his attorney, Mohammed Gangat, Esq., files this Complaint against Defendant Young Adult Institute, Inc. d/b/a National Institute For People With Disabilities Network ("YAI" or "Defendant"), and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

<strong><u>NATURE OF THE ACTION</u></strong>

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he and a proposed class of others similarly situated are entitled to recover from the Defendant: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he and a proposed class of others similarly situated are entitled to recover from the Defendant: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) damages for Defendant' failure to reimburse employees for the cost of purchasing and maintaining required work uniforms; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Westchester County, New York.

6.      Defendant YAI is a not-for-profit corporation organized under the laws of the State of New York, with a principal place of business at 460 West 34th Street New York, NY 10001.  YAI is comprised of seven separately incorporated not-for-profit agencies, operating over 200 programs. Among YAI's programs are Residential Facilities, Day Services, Family Support and Recreational Services, Employment Se1vices, Health Clinic Services and Certified

- 2 -

Home Health Services.

7.     YAI has a history of fraudulent and wrongful conduct in connection with its employment practices.

8.     As one example, the New York Attorney General announced a settlement whereby YAI paid $18 million in damages to settle claims of Medicaid fraud arising out of, inter alia, YAI's practice of listing high level administrative staff as clinic social workers working at the various programs that YAI oversees.

9.     In other words, YAI, in order to obtain a greater Medicaid reimbursement, represented that certain of its administrative staff were working as clinical workers at residential care facilities run by YAI.  In fact, those staff members never worked in that manner and their work was limited to administrative responsibilities at YAI's headquarters in Manhattan.

10.     At all relevant times, YAI met the definition of an "employer" under all applicable statutes.

11.     YAI employs Coordinators or Program Directors to oversee and be responsible for programs, and many Coordinators or Program Directors oversee and are responsible for managing multiple programs.

12.     All of YAI's employees are given a YAI identification card which is to be presented when entering any YAI facility.

13.     All of YAI's employees are given an employee handbook by YAI.

14.     All of YAI's employees are screened for proper licenses and qualifications by YAI.

15.     Upon information and belief, all of YAI's locations share common management and are centrally controlled and/or owned by Defendant.

16.     Upon information and belief, YAI has had control over and the power to change

- 3 -

compensation practices for all employees at all of their locations.

17.    Upon information and belief, YAI has had the power to determine employee policies for employees at all of their locations, including, but not limited to, time-keeping and payroll policies.

18.    Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendant is and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendant (i) haa and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

19.    YAI hired and continuously employed plaintiff Fayyaz Khan to work at various facilities they own and operate, located in the State of New York.

20.    The work performed by Plaintiff was directly essential to the businesses operated by YAI.

21.    YAI knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

22.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

23.    More than six years prior to the date of the filing of this lawsuit, YAI hired Plaintiff to work as a non-exempt employee.

24.    Since being hired, Plaintiff has been continuously employed by YAI to work as a full-time, non-exempt employee at two of the facilities YAI manages.

- 4 -

25.     Plaintiff was routinely working hours in excess of 40 hours per week for which he was not compensated according to state and federal overtime law.

26.     In December 2017, after nearly a decade of faithful service, and after routinely working in excess of 80 hours per week, YAI abruptly terminated Plaintiff for allegedly not showing up to work.

27.     Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

28.     YAI did not pay Plaintiff the proper overtime wages as required by law for all hours worked over 40 in a workweek.

29.     Upon information and belief, Defendant did not keep accurate records of wages or overtime hours worked by Plaintiff.

30.     YAI inaccurately reported the number of hours Plaintiff worked each week.

31.     YAI knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32.     Defendant did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff brings this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were

employed by YAI and not paid overtime for all hours worked between March 30, 2015 and the date of final judgment in this matter (the "FLSA Collective").

34.    Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than forty (100) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

35.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

36.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

37.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

38.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.    Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.    Whether the Defendant failed to keep true and accurate  time and  pay records for all hours worked by Plaintiff and the Collective Action Members;

c.    Whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

d.    Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

e.    Whether the Defendant failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek;

39.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40.    Plaintiff and others similarly situated have been substantially damaged by the Defendant' wrongful conduct.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

42.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendant at any time in the six years preceding the date the complaint in this action was filed (the "Class Period") and not paid overtime for all hours worked in excess of 50 between March 30, 2012 and the date of final judgment in this matter (the "Collective Action Members").

43.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

44.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

45.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

46.     Plaintiff has committed himself to pursuing this action and has retained counsel

experienced in employment law and class action litigation.

47.    Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

48.    Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

49.    Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff claims are typical of the Class.

50.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    Whether the Defendant employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b.    Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

c.    Whether the Defendant failed to pay the Plaintiff and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the

regulations promulgated thereunder;

d.  Whether the Defendant's violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

e.  Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

## COUNT I

## [Violation of the Fair Labor Standards Act]

51.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "50" of this Complaint as if fully set forth herein.

52.    At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.    At all relevant times, Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

54.    Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

55.    Plaintiff and the Collective Action Members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

56.    Plaintiff and the Collective Action Members were entitled to be paid at the rate of

- 10 -

time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

57.     Defendant failed to pay Plaintiff and the Collective Action Members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

58.     At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay minimum wage.

59.     At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

60.     Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Collective Action Members.

61.     As a result of the Defendant's failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members,

62.     Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21

l(c) and 215(a).

63.    Defendant failed to properly disclose or apprise  Plaintiff  and  the Collective Action  Members of their rights under the FLSA.

64.    As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

65.    Due to the reckless, willful and unlawful acts of the Defendant, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

66.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## [Violation  of the New  York Labor Law]

67.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "66" of this Complaint as if fully set forth herein.

68.    Defendant employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

69.    Defendant knowingly and willfully violated the rights of Plaintiff and the Class members  by  failing  to pay Plaintiff  and the Class members the applicable overtime rate for all hours worked in excess of 40 hours each workweek.

70.    Defendant failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

71.    Defendant failed to furnish Plaintiff and the Class members with a statement

accurately listing all hours worked in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

72.    Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

73.    Defendant failed to establish, maintain, and preserve for not less than six (6) years payroll records accurately showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

74.    Due to the Defendant's New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for overtime compensation for all overtime hours.

75.    In addition, Plaintiff and the Class Members are entitled to recover from Defendant reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

76.    Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, FAYYAZ KHAN, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grants the following relief:

- 13 -

i.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant, with such notice informing employees that this civil action has been filed, the nature of the action, and of the employees' right to join their lawsuit if the employee believe he or she was denied proper wages;

ii.  An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

iii.  An award of liquidated damages as a result of Defendant' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iv.  An award of liquidated damages as a result of Defendant' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v.  An award of civil penalties pursuant to the New York State Wage Theft Prevention Act in the amount of $50 for each workweek Defendant failed to provided Plaintiff and any class member proper annual wage notices as provided by NYLL Article 6, Section 198, and statutory penalties in the amount of $100 for each workweek Defendant failed to provided Plaintiff and any class member proper wage statements as provided by NYLL Article 6, Section 198

vi.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

vii.  Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record

- 14 -

as Class Counsel;

viii.    Payment of a service award to Plaintiff, in recognition of the services he renders to the FLSA Collective and Rule 23 Class;

ix.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL and supporting regulations;

x.    An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA and NYLL;

xi.    An award of prejudgment and post-judgment interest;

xii.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xiii.    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
        March 30, 2018                    **LAW OFFICE OF MOHAMMED GANGAT**

                                          By:    _____

                                                 Mohammed Gangat, Esq.
                                                 675 3rd Avenue
                                                 Suite 1810
                                                 (718) 669-0714
                                                 mgangat@gangatllc.com

                                          *Attorneys for Plaintiff Fayyaz Khan and the
                                          Putative Class*

- 15 -