# LAW OFFICE OF MOHAMMED GANGAT

(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

*VIA ECF*  September 10, 2018
Hon. Judge Henry B. Pitman, U.S.M.J
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     RE:   *Khan v. Young Adult Institute, Inc. et al.,*
             No. 18-cv-022824-HBP

To the Honorable Judge Pitman:

     I am counsel for plaintiff Fayyaz ("Plaintiff") in the above-referenced action (the "Action"). I submit this letter jointly with defendants Young Adult Institute, Inc. and YAI/Rockland County Association For People with Disabilities ("Defendants"). We submit this joint letter pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and Your Honor's Order, dated August 20, 2018, which require we seek the Court's approval of the settlement between Plaintiff and Defendants in this action.

     This action is a proposed collective action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of the defendants' alleged violations of wage-and-hour law, particularly overtime laws and laws applying to workers who work more than ten hours in a single workday. As set forth more fully in Plaintiff's complaint, Plaintiff claims, under the FLSA and NYLL, that Defendants should have aggregated all hours Plaintiff worked for each Defendant at their respective worksites for purposes of determining Plaintiff's right to overtime compensation. A *bona fide* dispute arose when Defendants provided documents in support of their contention that the hours should not be aggregated because each Defendant was a separate employer under the FLSA, and the two defendants did not constitute a joint employer under applicable wage and hour laws.

     Negotiations ensued and eventually, with the aid a mediation conducted by Your Honor, the parties were able to finalize an agreement, which is now being submitted to Your Honor for approval. A copy of the agreement is attached hereto as **Exhibit A.**

     Keeping in line with the trend in this Circuit following *Cheeks*, the Agreement contains a mutual, general release. The parties' inclusion of such a release is appropriate as Plaintiff is no longer employed by either Defendant, and this Agreement will bring complete closure to their former employment relationship. As drafted, the inclusion of the mutual, general release—which was negotiated by competent counsel for both sides—will ensure that both the Plaintiff and Defendants will "walk[] away from their relationship up to [the date of the Agreement's approval] without the potential for any further disputes." *See Souza v. 65 St. Marks Bistro*, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.); *accord Abreu v. Glenda Food Corp.*, 17 Civ. 2006 (HBP), 2018 WL 2388532 at *2 (S.D.N.Y. May 25, 2018)

In addition, there is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision includes language expressly stating that the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful.

As for monetary portion, Plaintiff will receive $100,000 with a one-third share of that amount going to counsel for the Plaintiff. This one third share to counsel is well in line with what what counsel in similar cases receives in court-approved settlements of this type. Most importantly, and unlike the settlement agreement at issue in *Cheeks*, the Agreement is available to Your Honor to explore and to assess whether it was likely the fair result of a balanced negotiation, in which Plaintiff was represented by able counsel and all parties appeared at a mediation held before Your Honor.

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Cheeks*, *supra*; *Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008). Although the FLSA places "limits on an employee's ability to waive claims . . . for fear that employers would otherwise coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d at 332, 335 (S.D.N.Y. 2012), "these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here." *Cisneros v. Schnipper Restaurant LLC*, 2014 U.S. Dist. LEXIS 2111, *3 (S.D.N.Y. Jan. 8, 2014).

This settlement is unquestionably fair when comparing the potential recovery at trial to the settlement amount. It is also unquestionably fair when considering Plaintiff is keeping two-thirds of the settlement proceeds. Moreover, this is not a case where a settlement came about because of "overreaching" by any party. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months, involving counsel and the exchange of documentary evidence. The parties' counsel are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

Hon. Henry B. Pitman, U.S.M.J.
Page 3 of 3
September 10, 2018

      As demonstrated above, the settlement that the parties seek joint approval from this honorable Court is a result of substantial negotiations spanning several months and consists of fair and reasonable compromise by both parties given the risks and costs associated with continued litigation and trial. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement.

      We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/Mohammed Gangat*
Mohammed Gangat