USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FAYYAZ KHAN, individually          :
and on behalf of others
similarly situated,                :

                Plaintiff,     :    18 Civ. 2824 (HBP)

   -against-                      :    OPINION
                                       AND ORDER

YOUNG ADULT INSTITUTE, INC.        :
d/b/a "National Institute for
People with Disabilities" and      :
YAI/ROCKLAND COUNTY ASSOCIATION
FOR PEOPLE WITH DISABILITIES,      :

                Defendants.    :
-----------------------------------X

         PITMAN, United States Magistrate Judge:

         I held a lengthy settlement conference in this matter on August 2, 2018 that was attended by the parties and their counsel. A settlement was reached immediately after the conference and this matter is now before me on the parties' joint application to approve the settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

         Plaintiff alleges that he worked as a non-exempt employee at the National Institute for People with Disabilities ("NI") and the Rockland County Association for People with Disabilities ("RCA") from approximately 2002 through December 2017 (Second Amended Complaint, dated June 28, 2018 (Docket Item

("D.I.") 22) ("Sec. Am. Compl.") ¶¶ 25-27). Plaintiff further alleges that the Young Adult Institute ("YAI") owns and operates both the NI and the RCA facilities (collectively, "Defendants") and, thus, YAI and RCA are joint employers of plaintiff (Sec. Am. Compl. ¶ 10). Plaintiff maintains that from 2005 through 2017, plaintiff worked approximately 110 hours per week between the NI and RAC facilities (Sec. Am. Compl. ¶ 33). Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), and seeks to recover unpaid overtime premium pay and spread-of-hours pay. According to his damages calculations, plaintiff is potentially owed $165,398 in unpaid wages and liquidated damages.

Defendants contend that while RAC is an affiliate of YAI, YAI and RAC are separate entities and not joint employers for purposes of FLSA liability. Thus, Defendants maintain, the hours plaintiff worked at each facility cannot be aggregated and plaintiff is not entitled to overtime premium pay.

As noted above, I presided over a settlement conference between the parties and their counsel on August 2, 2018. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the matter for a total settlement amount of $100,000, of which $66,666.67 is to be paid to plaintiff and $33,333.33 is to be paid to plaintiff's counsel as attorneys' fees. The parties

2

memorialized the material terms of the settlement in a written settlement agreement and submitted it for judicial approval on September 10, 2018 (Negotiated Settlement Agreement and Release, annexed as Ex. A to Letter of Mohammed Gangat, Esq., to the undersigned, dated Sept. 10, 2018 (D.I. 36) ("Settlement Agreement")).

> Court approval of an FLSA settlement is appropriate
>
> > "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but

3

> not limited to the following factors: (1) the
> plaintiff's range of possible recovery; (2) the extent
> to which the settlement will enable the parties to
> avoid anticipated burdens and expenses in establishing
> their claims and defenses; (3) the seriousness of the
> litigation risks faced by the parties; (4) whether the
> settlement agreement is the product of arm's length
> bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $66,666.67 after attorneys' fees -- represents approximately 40% of his total alleged damages. This percentage is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving multiple depositions and extensive document

4

discovery. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. The main factual dispute in this case is whether YAI and RAC were joint employers of plaintiff. Defendants claimed to have documentary evidence proving that plaintiff received separate paychecks, rates of pay, schedules and supervisory instructions from the individual defendants. Given this documentary evidence and the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference after a lengthy negotiation.

The Settlement Agreement also contains mutual general releases (Settlement Agreement ¶ 1). General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual. See Snead v. Interim HealthCare of Rochester, Inc., 16-CV-06550 (EAW), 2018 WL

1069201 at *6 (W.D.N.Y. Feb. 26, 2018); Geskina v. Admore Air Conditioning Corp., 16 Civ. 3096 (HBP), 2017 WL 1743842 at *2 (S.D.N.Y. May 3, 2017) (Pitman, M.J.); Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J., now Cir. J.); Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.). General mutual releases in cases "with former employees who have no ongoing relationship with the employer, make[] sense in order to bring complete closure" in FLSA settlements. Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5. Broad general releases of non-FLSA claims are acceptable where the release of claims is binding on both plaintiffs and defendants because the mutuality cures the "concern[] that the waiver unfairly benefits only Defendants." Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, supra, 2016 WL 922223 at *2. Courts have found such releases are an effective way to ensure that "both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5.

Plaintiff has not worked for Defendants since December 2017 -- more than three months before the filing of this action.

6

I was also able to observe plaintiff's and Defendants' counsel during the August 2, 2018 settlement conference, and I am confident these general mutual releases were negotiated by competent counsel for both sides. Furthermore, the releases are mutual because they bind plaintiff and Defendants equally. Thus, I find the mutual general releases acceptable.

Finally, the settlement provides that one-third of the total settlement amount, $33,333.33, will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated:   New York, New York
         November 29, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8